UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHAN ALAN WEBB,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security<br><br>    Defendant. | **Case No. 1:15-cv-00594-EPG**<br><br>**ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

## I.  INTRODUCTION

Plaintiff, Nathan Alan Webb ("Plaintiff"), seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner" or "Defendant") denying his application for Disability Insurance Benefits ("DIB") pursuant to Titles II of the Social Security Act. The matter is currently before the Court on the parties' briefs, which were submitted without oral argument to the Honorable Erica P. Grosjean, United States Magistrate Judge.[1] Upon a review of the administrative record, the Court finds the ALJ's decision is not supported by substantial evidence and the case is remanded to the agency for further proceedings.

## II.  BACKGROUND AND PRIOR PROCEEDINGS

Plaintiff filed applications for DIB in February 2013, alleging a disability onset date of

---

[1] The parties consented to the jurisdiction of the United States Magistrate Judge. (Doc. 9 and 11).

May 1, 2009. AR 199-201.[2] Plaintiff, a veteran, was wounded while serving in the military. He alleges that his impairments of post-traumatic stress disorder ("PTSD"), traumatic brain injury, light sensitivity, tinnitus, upper back and neck compression, debilitating headaches, and short-term memory issues prevent him from working. AR 251. As a result of these impairments, Plaintiff contends that he has postural limitations, and that he cannot walk more than fifteen to twenty minutes on a good day, pay attention for more than fifteen minutes, manage stress well, or handle changes in his routine. AR 279-280.

His application was denied on July 9, 2013, and on reconsideration in March 10, 2014. AR 62-92. A hearing was conducted before Administrative Law Judge Danny Pitman ("ALJ") on November 6, 2014. AR 27-61. On November 24, 2014, the ALJ issued a decision finding that Plaintiff was not disabled. AR 8-20. The Appeals Council denied Plaintiff's appeal, rendering the order the final decision of the Commissioner. AR 1-3.

Plaintiff now challenges that decision, arguing that: (1) the ALJ improperly considered Veteran's Affairs ("VA") 2010 and 2014 disability ratings that were submitted as part of his disability application, and (2) the ALJ's mental residual functional capacity ("RFC") is not supported by substantial evidence. (Doc. 16, pgs. 6-15 and Doc. 22, pgs. 3-5). Plaintiff argues that the Court should reverse and remand with instructions to award benefits. In the alternative, Plaintiff contends the case should be remanded for further administrative proceedings. (Doc.16, pg. 15). In opposition, Defendant argues: (1) that the ALJ properly considered the VA's disability ratings; and (2) the ALJ's RFC formulation was proper. (Doc. 21, pgs. 7-11).

### III. THE DISABILITY DETERMINATION PROCESS

To qualify for benefits under the Social Security Act, a plaintiff must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). An individual shall be considered to have a disability only if:

. . . his physical or mental impairment or impairments are of such

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

> severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

To achieve uniformity in the decision-making process, the Commissioner has established a sequential five-step process for evaluating a claimant's alleged disability. 20 C.F.R. § 404.1502(a)-(f).  The ALJ proceeds through the steps and stops upon reaching a dispositive finding that the claimant is or is not disabled.  20 C.F.R. § 404.1502(a)(4).  The ALJ must consider objective medical evidence and opinion testimony. 20 C.F.R. § 404.1527.

Specifically, the ALJ is required to determine:  (1) whether a claimant engaged in substantial gainful activity during the period of alleged disability, (2) whether the claimant had medically-determinable "severe" impairments,[3] (3) whether these impairments meet or are medically equivalent to one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1, (4) whether the claimant retained the RFC to perform his or her past relevant work,[4] and (5) whether the claimant had the ability to perform other jobs existing in significant numbers at the regional and national level.  20 C.F.R. § 404.1520(a)-(f).

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff did not meet the disability standard.  AR 20.  In particular, the ALJ found that Plaintiff met the insured status requirements through December 31, 2014, and had not engaged in substantial gainful activity since May 1, 2009, the alleged onset date. AR 11.  Further, the ALJ identified traumatic brain injury, migraine headaches, PTSD, obstructive sleep apnea, back disorder, a history of knee strain, and obesity as severe impairments.  AR 11.  The ALJ also determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P,

---

[3] "Severe" simply means that the impairment significantly limits the claimant's physical or mental ability to do basic work activities.  *See* 20 C.F.R. § 416.920(c).

[4] Residual functional capacity captures what a claimant "can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a). "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity." *Massachi v. Astrue*, 486 F.3d 1149, 1151 n. 2 (9th Cir. 2007).

Appendix 1.  AR 12-13.

Based on a review of the entire record, the ALJ determined that Plaintiff had the RFC to perform medium work except that:

> [Plaintiff can] occasionally lift and carry up to 50 pounds and frequently 25. Stand and or walk for 6 hours and sit for 6 to 8 hours in an 8-hour workday with normal breaks. The claimant can engage in frequent balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs. He should not engage in climbing ladders, ropes and scaffolds. The claimant should avoid concentrated exposure to noise, vibration, fumes, odors, dusts, gases, bright lights, and extreme heat and cold. He should avoid even moderate exposure to hazards. The claimant is limited to simple, routine tasks, with limited public contact.

AR 13.  The ALJ determined Plaintiff had no past relevant work. AR 18. However, based on this RFC, the ALJ found that there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, such as hand packer, a knockoff assistant, and a kitchen helper.  AR 19.

**IV. STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act.  In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence.  42 U.S.C. § 405 (g).  Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether: (1) it is supported by substantial evidence; and (2) it applies the correct legal standards. *See Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007).

"Substantial evidence means more than a scintilla but less than a preponderance." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).  It is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id*. "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id*.

///

///

4

## V.     DISCUSSION

### A. The ALJ Did Not Properly Consider the 2010 and 2014 VA Disability Ratings.

Plaintiff argues that the ALJ failed to appropriately consider two VA disability ratings as part of the Social Security disability analysis.  More specifically, Plaintiff contends that in 2010, the VA found Plaintiff had an overall combined service connected disability rating of 40% based on: 30% for cluster headaches secondary to traumatic brain injury, 10% for back strain, and 10% for mild cognitive impairments secondary to traumatic brain injury.[5] AR 234-246. The 2010 VA decision advised Plaintiff that the evidence of record failed to demonstrate an inability to secure or to follow a substantially gainful occupation as a result of the disability. AR 238, 241.  In 2014, the VA made a second combined disability of 100% based on: 70% for photophobia from traumatic brain injury, 50% based on sleep apnea, 10% based on left knee strain, 10% based on tinnitus, 50% based on memory loss and insomnia based on PTSD, 30% based on cluster headaches as a result of PTSD, and 10% based on lower back strain. AR 221-231.  The VA did not assess unemployability in 2014 because Plaintiff was already receiving the maximum monetary benefit based on his 100% combined service disability rating, so entitlement to unemployability was moot. AR 221. Plaintiff asserts that it is clear from the ALJ's decision that he did not consider the 2014 assessment, which constitutes error.  Defendant concedes that the ALJ did not consider the 2014 assessment in the decision, but argues that the reasons the ALJ gave for rejecting the 2010 assessment would similarly apply to the 2014 assessment. Additionally, since the ALJ considered other evidence not available at the time of the 2014 VA assessment, the ALJ's decision is proper.

When reviewing the VA rating, the ALJ stated as follows:

> I have taken note that the Department of Veterans Affairs has purportedly assigned the claimant a service-connected disability rating of 50%, 30% for migraine headaches, 10% for brain syndrome, and 10% for lumbosacral or cervical strain (Exhibit 1F, p. 18).
>
> Although a determination that the claimant is only 50% disabled is

---

[5] The overall combined service connected disability rating is calculated by using a combined rating table that considers the effect from the most serious to the least serious conditions.  It is not calculated by adding the individual percentages of each condition.  AR 244.

>not inconsistent with the finding that the claimant is not completely disabled, I have given little weight to the Department of Veterans Affairs determination. The disability determination processes utilized by the Department of Veterans Affairs and the Social Security Administration are fundamentally different. Department of Veterans Affairs does not make a function-by-function assessment of an individual's capabilities (i.e., determine the claimant's residual functional capacity) or determine whether the claimant is able to perform either his past relevant work or other work that exists in significant numbers in the national economy as is required by the Regulations. Thus, a disability rating by the Department of Veterans Affairs is of little probative value in these proceedings. Therefore, I have given that rating little weight.

AR 14. Here, as conceded by the Commissioner, it is clear that the ALJ did not assess the 2014 VA determination since the percentages outlined above coincide with the 2010 VA rating.[6] AR 234, 244, 221. The Court finds this omission constitutes legal error.

It is well established that although a determination by the VA about whether a claimant is disabled is not binding on the Social Security Administration ("SSA"), an ALJ must consider that determination in reaching his or her decision. *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002); 20 C.F.R. § 404.1504. In fact, the ALJ "must ordinarily give great weight to a VA determination of disability." *McCartey*, 298 F.3d at 1076. However, "[b]ecause the VA and SSA criteria for determining disability are not identical," the ALJ "may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id*. (citing *Chambliss v. Massanari*, 269 F.3d 520, 522 (5th Cir. 2001) (Because criteria applied by VA and SSA are not identical, VA rating of disability is not legally binding on Commissioner)); *see also* 20 C.F.R. § 404.1504 ("A decision by ... any other governmental agency about whether you are disabled ... is based on its rules and ... [t]herefore ... is not binding on us.").

Defendant acknowledges the omission, but contends that the ALJ's rationale applied to the 2010 rating applies equally to "any" VA rating determination. (Doc. 21, pg. 7). Specifically, the Commissioner asserts that the ALJ found the VA ratings to be of minimal probative value because the VA applies different substantive standards than the Social Security Administration when assessing disability - namely that the VA assessment does not contain any functional or

---

[6] Although the 2010 VA was 40% and the ALJ noted a 50% comprehensive assessment rating, the other percentages in the VA's 2010 rating align with the ALJ's decision.

vocational assessment. *Id*. This rationale is problematic for several reasons. First, this reason was not articulated by the ALJ for the 2014 assessment, and therefore, the Court may not consider it. A reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner. *Stout v. Comm'r*, 454 F.3d 1050, 1054 (9th Cir. 2006) (citing *Pinto v. Massanari*, 249 F.3d 840, 847 (9th Cir. 2001)); *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts").

Moreover, the Commissioner's rational that the ALJ's articulated reason - a general statement that the programs are fundamentally different and therefore a VA assessment has little probative value - runs afoul of the rationale in *McCartey*, 298 F.3d at 1076. *McCartey* requires that the VA assessment be given great weight, and the assessment can only be rejected based on persuasive, *specific* and valid reasons because :

> Both programs serve the same governmental purpose—providing benefits to those unable to work because of a serious disability. Both programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims.... Both programs have a detailed regulatory scheme that promotes consistency in adjudication of claims. Both are administered by the federal government, and they share a common incentive to weed out meritless claims. The VA criteria for evaluating disability are very specific and translate easily into SSA's disability framework.

*McCartey*, 298 F. 3d at 1076. Thus, the Ninth Circuit has acknowledged the similarity between these programs which undermines the ALJ's general statement that the VA assessment process has limited probative value because the disability processes employed by the two agencies are fundamentally different. AR 14.

Similarly, the Court is not persuaded by the Commissioner's other argument, which is that the 2010 VA decision concluded there was no evidence supporting unemployability, while the 2014 decision never made a specific finding of unemployability because the Plaintiff was already receiving the maximum amount of benefits, which rendered Plaintiff's request "moot." AR 221. Therefore, Defendant argues because neither of the assessments found Plaintiff unemployable, the ALJ had to make a determination regarding Plaintiff's ability to perform his past work, as well as

other work in the national economy, regardless of the assessments.  (Doc. 21, pg. 8).  In doing so, the ALJ considered new evidence that the VA did not evaluate. *Id*.  Therefore, the ALJ's rejection of the VA's assessments was proper because the VA evaluations were not based on a comprehensive evaluation of all the evidence.

While it is true that the ALJ may depart from the VA finding of disability where the ALJ bases the decision on a comprehensive evaluation of the evidence that was qualitatively different than that assumed by the VA, *Valentine v. Comm'r of Soc. Sec. Admin*., 574 F.3d 685, 695 (9th Cir. 2009), the ALJ never stated this as a reason. As such, this is another *post-hoc* rationale that the Court may not consider. *Stout v. Comm'r*, 454 F.3d at 1054; *Pinto v. Massanari*, 249 F.3d at 847.  Here, the ALJ failed to mention or analyze the 2014 VA assessment finding Plaintiff 100% disabled.  Accordingly, the case must be reversed and remanded.  *McCartey*, 298 at 1076 (Reversing and remanding a case when the VA determined that *McCartey* was 80% disabled due to his depression and lower back injury and the ALJ failed to consider, or mention, the VA finding in his opinion).

**B. The ALJ's formulation of the RFC was Improper as it Failed to Include Moderate Limitations for Concentration, Persistence, and Pace.**

Plaintiff argues that the ALJ gave significant weight to Dr. Zhang's opinion, which identified moderate difficulties with concentration, persistence, or pace (AR 17, 605), yet the ALJ failed to include these limitations into any of the hypotheticals posed to the vocational expert at the hearing (AR 59-60), or in his RFC.  Given this deficiency, Plaintiff contends the ALJ's mental RFC is not supported by substantial evidence.  (Doc. 16, pgs. 12-16 and Doc. 22, pg. 4).   In opposition, Defendant argues that the ALJ's RFC is based on substantial evidence because the ALJ gave weight to Dr. Rosenshield's opinion (AR 17, 88-90).  When formulating his opinion, Dr. Rosenshield gave great weight to Dr. Zhang's assessment (AR 85), and also found Plaintiff had moderate limitations in concentration, persistence, and pace. (AR 89).  Notwithstanding the limitations, Dr. Rosenshield opined that Plaintiff was capable of performing simple-work related tasks. (AR 89).  Thus, Defendant contends, the ALJ properly translated Dr. Zhang's and Dr. Rosenshield's moderate limitations in concentration, persistence, and pace, into the RFC by

finding Plaintiff can perform simple routine tasks.

It is well established that a claimant's RFC is "the most [the Claimant] can still do despite [his or her] limitation[s]." 20 C.F.R. § 404.1545(a). "The assessment of a RFC must be based on all the relevant evidence in [the claimant's] case record." *Id*. Moreover, in *Stubbs-Danielson v. Astrue*, 539 F. 3d 1169, 1174 (9th Cir. 2008), the Ninth Circuit held that a claimant with moderate limitations in concentration, persistence, or pace, may still carry out simple work. In doing so, the Court noted, "an ALJ's assessment of a claimant adequately captures the restrictions related to concentration, persistence, or pace where the assessment is consistent with the restrictions identified in the medical testimony." *Id*.

At first blush, it appears that the rationale in *Stubbs-Danielson* applies. However, a close examination of the opinions reveals that although Dr. Rosenshield opined Plaintiff was capable of performing simple work related tasks, that functional limitation related to Plaintiff's memory difficulties only. (AR 88-89).  For example, after noting that Plaintiff had understanding and memory limitations - including that he was moderately limited in his ability to understand and remember detailed instructions (AR 88-89) - the evaluation form states as follows: "Explain in a narrative form the presence and degree of specific understanding and memory capacities and/or limitations."  In response, Dr. Rosenshield stated, "The claimant is capable of carrying out simple work-related tasks." AR 89. Later in the form, however, the doctor is asked to assess the individual's sustained concentration and persistence limitations. AR 89. Dr. Rosenshield responded that Plaintiff was moderately limited in carrying out detailed instructions, and in his ability to maintain attention and concentration for long periods. AR 89.  The form never requests the evaluator to explain in a narrative format the claimant's capabilities or limitations for attention and concentration as it had done for the memory limitations, and Dr. Rosenshield did not do so.  Therefore, Dr. Rosenshield's never made a functional assessment of the attention and concentration limitations.  Limiting Plaintiff to simple-related tasks addressed Plaintiff's memory issues, but not this ability to maintain attention or concentration for longer periods.

Given these facts, the RFC is not based on substantial evidence because the restrictions related to concentration, persistence, and pace, were not translated into Plaintiff's functional

9

assessment, and it is not consistent with the medical testimony in the record which the ALJ credited. Therefore, *Stubbs-Danielson*, does not apply in this instance. *See*, *Brink v. Comm'r of Soc. Sec*., 343 Fed. Appx. 211, 212 (9th Cir. 2009) (unpublished) (noting that *Stubbs-Danielson* is inapposite to cases were the medical record established limitations in concentration, persistence, and pace, and where the ALJ accepted such testimony); *see also Lubin v. Comm'r of Soc. Sec. Admin.,* 507 Fed. Appx. 709, 712 (9th Cir. 2013) ("Although the ALJ found that *Lubin* suffered moderate difficulties in maintaining concentration, persistence, or pace, the ALJ erred by not including this limitation in the residual functional capacity determination or in the hypothetical question to the vocational expert.") (unpublished); *Gray v. Astrue,* 2012 WL 4097762, at *9 (D. Idaho Sept.17, 2012) (RFC determination and hypothetical question were incomplete where they failed to incorporate limitation in concentration, persistence, and pace that ALJ had accepted); *Van Duong v. Astrue,* 2012 WL 3648006, at *5 (E.D. Cal. Aug. 22, 2012) (same); *Juarez, v. Colivn* 2014 WL 1155408 *7 (C.D. Cal. March 20, 2014) (same). Accordingly, the case will be remanded so that the ALJ can include moderate limitations in concentration, persistence, and pace (to the extent the ALJ determines these limitations are still relevant after the remand) into the RFC and the hypotheticals. The ALJ shall include all these restrictions in the residual functional capacity determination and the hypothetical question posed to the vocational expert, including moderate limitations in concentration, persistence, or pace, as appropriate after further consideration of the medical record. *See*, *Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir. 1989) (the vocational expert's opinion about the claimant's residual functional capacity has no evidentiary value if the assumptions in the hypothetical are not supported by the record).

**VI.     REMAND FOR FURTHER ADMINSTRATIVE PROCEEDINGS**

Given the above, the Court must determine whether this action should be remanded to the Commissioner with instructions to immediately award benefits or whether this action should be remanded to this Commissioner for further administrative proceedings. Remand for further proceedings is appropriate when an evaluation of the record as a whole creates serious doubt as to whether the claimant is in fact disabled. *Garrison v. Colvin,* 759 F. 3d 995, 1020 (9th Cir. 2014). Conversely, a court should remand with for an award of benefits when: (1) the record has been

fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id*. at 1020. Even if all three of these criteria are met, the Court can retain flexibility in determining an appropriate remedy. *Brown-Hunter v. Colvin*, 806 F. 3d 487, 495 (9th Cir. 2015).

The Court is not persuaded by Plaintiff's argument that the case should be remanded for an award of benefits based on the VA assessments. Here, the record is not complete because neither of the VA assessments provided a functional assessment of Plaintiff's abilities. Additionally, remand is appropriate because the ALJ considered other evidence not available at the time of the VA assessments including Plaintiff's testimony, the vocational expert's testimony, and additional medical evidence. Finally, it is unclear how Plaintiff's attention, concentration, and pace limitations will influence the disability determination because those limitations were not presented in hypotheticals for the VE's consideration. On remand, as explained above, the ALJ shall formulate a RFC that incorporates any identified limitations after consideration of the 2010 and 2014 VA assessments, or other additional medical evidence the ALJ considers.

## VII.  CONCLUSION

Based on the foregoing, the Court finds that the ALJ's decision that Plaintiff is not disabled is not supported by substantial evidence in the record as a whole, and is not based on proper legal standards. Accordingly, this Court GRANTS Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is DIRECTED to enter judgement in favor of Plaintiff, Nathan Alan Webb, and against Carolyn W. Colvin, the Commissioner of Social Security.

IT IS SO ORDERED.

Dated:  **July 6, 2016**                    /s/ Erica P. Grosjean
                                                          UNITED STATES MAGISTRATE JUDGE

11